UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAQILLE BROWN,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:19-cv-479 (KAD) |
| | : |
| CORRECTION OFFICER WEHR, et al.<br>    *Defendants*. | :<br>:    April 25, 2019 |

## **INITIAL REVIEW ORDER**

On April 1, 2019, the Plaintiff, Shaqille Brown, a prisoner currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against two Connecticut Department of Correction ("DOC") officials for damages: Correction Officer Wehr and Captain Anaya. The Plaintiff is suing the Defendants for subjecting him to excessive force, in violation of his constitutional rights. On April 22, 2019, Magistrate Judge William I. Garfinkel granted the Plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 9. For the following reasons, the case may proceed on the Plaintiff's excessive force claim.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a Defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not

sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Allegations**

Upon returning from court on June 25, 2018, the Plaintiff became involved in a verbal altercation with defendant Wehr. Defendant Wehr threatened the Plaintiff as the Plaintiff was entering his cell, stating that has going to come into the cell and "fuck [him] up!" Moments later, defendant Wehr handcuffed the Plaintiff, entered the cell, and locked himself inside with the Plaintiff. Defendant Wehr then physically assaulted the Plaintiff. He grabbed the Plaintiff and "slamm[ed]" him onto the cell bench causing harm to his preexisting back injury. After he was finished assaulting the Plaintiff, defendant Wehr unlocked the cell and brought the Plaintiff to the medical unit for treatment of his injuries.

Later, defendant Anaya was investigating "the situation." When Anaya realized that Plaintiff had been assaulted, he forced defendant Wehr to issue a false disciplinary report against the Plaintiff for slipping through his handcuffs to cover up the assault. The report was later dismissed, or so the Court assumes because Brown alleges he "beat" the ticket. Because of the injuries suffered during the assault, the Plaintiff was placed on stronger pain medication.

**Discussion**

The Plaintiff claims that defendant Wehr subjected him to excessive force and defendant Anaya "tried to cover up the true details of th[e] altercation," in violation of his constitutional rights.

The Plaintiff has filed another civil action in this Court alleging that, two other DOC officials, Correction Officers Harrington and Forde, assaulted him on the very same day at Bridgeport Correctional Center ("BCC"). *See Brown v. Harrington*, No. 3:18-CV-2029 (KAD), DE#7. The Court permitted his excessive force claim in that case to proceed against Harrington and Forde in their individual capacities for damages. *Id.* at 5. Harrington and Forde answered the complaint on March 5, 2019. *Harrington*, DE#14. Wehr and Anaya are identified as officers at Northern Correctional Institution so the Court infers that Northern is where the assault occurred.

As the Court stated in *Harrington*, the Plaintiff was a pretrial detainee at the time of the June 25, 2018 assault. *See Harrington*, DE#7 at 1 n.1. Thus, the Court analyzed his excessive force claim under the Fourteenth Amendment's Due Process Clause. *Id.* at 3 (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). Because the alleged assault in this case occurred on the same day, his constitutional claims against defendants Wehr and Anaya are also governed by the Fourteenth Amendment.

In order to state an excessive force claim under the Fourteenth Amendment, the Plaintiff "'must show … that the force purposely or knowingly used against him was objectively unreasonable.'" *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2018 WL 4604306, at *10 (D. Conn. Sept. 25, 2018) (quoting *Kingsley v. Hendrickson*,

135 S. Ct. 2466, 2473 (2015)). "'[O]bjective reasonableness turns on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473). In *Kingsley*, the United States Supreme Court identified several relevant factors a court may consider in determining the reasonableness or unreasonableness of the force used:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. The determination is made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Id.* In addition, "supervisory liability may be imposed where an official demonstrates 'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place." Wright v. Smith, 21 F.3d 496 501 (2d Cir. 1994) (quoting McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983)).

Construing the Plaintiff's allegations liberally, the Court concludes that he has stated a plausible excessive force claim under the Fourteenth Amendment against Defendants Wehr and Anaya. He alleges that defendant Wehr, physically assaulted him by grabbing him and "slamming" him onto the cell bench while he was handcuffed without cause or justification. He alleges Anaya failed to act when he learned of the assault.

With respect to Anaya, the issuance of false disciplinary reports is insufficient, without more, to establish a denial of due process. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). A false disciplinary report "violates due process only where

4

either procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him or where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights." *Mitchell v. Senkowski*, 158 F. App'x 346, 349 (2d Cir. 2005). Here, the Plaintiff "beat" the ticket so it does not appear he was denied any procedural protections. Nor does the Plaintiff allege any retaliatory motive for the false disciplinary ticket. Rather, he alleges it was to cover up Defendant Wehr's excessive force. To the extent the Plaintiff asserts a Fourteenth Amendment claim premised upon the issuance of the false disciplinary report, the allegations fail.

**Orders**

(1) The Fourteenth Amendment claim for excessive force may proceed against the Defendants in their individual capacities for damages.[1]

(2) The Clerk shall verify the current work addresses for defendants Wehr and Anaya with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint (DE#1) to them at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

---

[1] The Plaintiff cannot obtain damages against any state official in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

(4) The Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this order.  Discovery requests need not be filed with the Court.

(6) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the Plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The Plaintiff must give notice of a new address even if he is incarcerated.  The Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.

(9) The Plaintiff's motion for appointment of counsel (DE#3) is denied without

prejudice subject to refiling at a later stage of litigation.  The record, which consists solely of a complaint, is insufficient for this Court to decide whether the appointment of counsel is warranted.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of April 2019.

                                                           __/s/_____
                                                           Kari A. Dooley
                                                           United States District Judge